MERCHANTS' & FARMERS' BANK *v.* CITY OF KOSCIUSKO.*

(Division B. March 19, 1928.)

[116 So. 88. No. 27004.]

1. MUNICIPAL CORPORATIONS. *City may not assess part of capital, surplus, and undivided profits invested by bank in land outside city limits (Hemingway's Code 1927, section 8203).*

Under section 8203, Hemingway's 1927 Code (chapter 193, Laws of 1920), money invested by a bank in real estate is deducted from the amount of the capital stock, surplus, and undivided profits; and where a bank domiciled in a city owns property outside of the city limits, the city is not entitled to assess for taxes that part of the capital, surplus, and undivided profits invested in real estate outside of the city limits.

2. Taxation. *Part of bank's capital, surplus, and undivided profits invested in land is assessed as other land (Hemingway's Code 1927, section 8206).*

That part of the bank's capital, surplus, and undivided profits invested in real estate is assessed as real estate, under section 8206, Hemingway's 1927 Code (section 4275, Code 1906), and such real estate is assessed as other real estate owned by individuals and corporations.

*Corpus Juris-Cyc. References: Municipal Corporations, 28Cyc, p. 1677, n. 44; Taxation, 37Cyc, p. 1032, n. 83.

Appeal from circuit court of Attala county.

Hon. W. W. Magruder, Special Judge.

Objection by the Merchants' & Farmers' Bank to an assessment for taxation by the City of Kosciusko. From an adverse decision by the city authorities, the cause was appealed to the circuit court, and from its judgment affirming the judgment of the city authorities, the bank appeals. Reversed in part and rendered.

*C. E. Morgan,* for appellant.

The city is not entitled to assess this real estate located outside of the city. "The president, cashier or other officer having like duties, of each bank or banking association in this state, whether existing by the laws of this state or of the United States, shall deliver to the assessor of taxes of the county in which it is located a written statement on or before the 1st day of May in each year, under oath, of the number and amount of all shares of its capital stock paid in, or if it be not a corporation or joint stock company then the amount of its capital stock, and of the sum of all undivided profits or surplus or accumulation of any sort, constituting part of the assets of the bank, and not including its real estate; and the value of such shares estimated at par, that increased by the proportion of the par of all of the shares of stock to the said surplus fund or accumulation, or of the amount

of its capital stock increased, shall be the basis of taxation of such shares to the holder or of the capital to the owner thereof; but if the shares of such bank or association are of less value than par, they shall be valued accordingly." Laws 1890, p. 6; Sec. 6907, Hemingway's Code.

What did the legislature mean by inserting the following words: "And not including its real estate?" Did it mean that the real estate should be assessed as real estate for certain purposes, and as capital, surplus, undivided profits or accumulations of any sort, in order that it may be taxed in the city of the bank's domicile? Section 6909 of Hemingway's Code, provides how lands or banks shall be taxed as follows: "The real estate of a bank or banking association shall be assessed and pay taxes, state, county and municipal, according to its value *as real estate.*" That statute directs specifically how the assessment should be made on, not only as to the state and county, but also as to the city, and provides that it shall be assessed as other real estate. If this section means anything it means that the taxes on the real estate belonging to banks shall be assessed just like the real estate belonging to an individual. Section 181, Constitution of 1890, provides: "The property of all private corporations for pecuniary gain shall be taxed in the same way and to the same extent as the property of individuals, but the legislature may provide for the taxation of banks and banking capital, by taxing the shares according to the value thereof (augmented by the accumulations, surplus, and undivided dividends), exclusive of real estate; which shall be taxed as other real estate."

Municipalities are creatures of the statute; the authority under which they make assessment is given in section 5980, Hemingway's Code, which reads as follows: "The municipal assessment of all property, subject to taxation, except such as is required by law to be assessed by the state railroad commission, shall be made by the clerk or

tax collector, by copying from the county assessment rolls, that portion thereof which embraces property or persons within the corporate limits, etc.'' The section does not authorize municipal taxation of the property, or properties, outside the city limits, and it is agreed that this property is outside of the city limits, then the city is not authorized to assess this property.

Appellee argues that it does not assess the property but is assessing the capital, surplus and undivided profits. Yet all of the law dealing with banks, both constitutionally and statutory, expressly provide that the capital and surplus shall have deducted from it all the real estate, and the real estate shall be assessed as is other real estate; and one cannot escape the conclusion that it is an assessment of the lands outside the city in direct conflict with the statute and that the same is unauthorized.

It is argued that *Johnson* v. *Harrison Naval Stores,* 108 Miss. 627, 76 So. 147, is in point, but we do not think so. In that instance the tax was levied upon an incorporal hereditament, but in the present case the authorities are trying to levy a tax on a corporal hereditament. See 37 Cyc. 961; *Farms L. & T. Co.* v. *Fonda,* 87 N. W. 724.

*H. T. Leonard,* for appellee.

Under section 181 of the Constitution, and section 6909, Hemingway's Code 1917, it was intended that the entire capital stock augmented by the surplus and undivided profits or accumulations should form the basis of taxation. It is a fundamental principle of law that the entire capital of a bank or banking company should be liable for taxation in the taxing district where it is situated. The fatal error of appellant is failing to recognize the distinction between capital and assets. The law does not intend or contemplate the taxing of assets of a banking institution. Recognizing the inherent difficulties of at-

tempting such, it is content to reach the capital, having a fixed *situs,* while the assets may be scattered to the four winds of the heaven, making it a matter of impossibility to reach and tax them.  The substantial effect of all the statutes construed together, is that a banking corporation is subject to assessment for the full value of its capital.  To hold that a part of its assets situated outside the taxing district should be excepted from and exempted from taxation therein would be to defeat the real and evident purpose of such scheme of taxation.  See *Bank* v. *Oxford,* 70 Miss. 504, 12 So. 303; *Magnolia Bank* v. *Pike County,* 111 Miss. 857, 72 So. 697; *Alexander* v. *Thomas,* 70 Miss. 517, 12 So. 708; *Peoples Warehouse* v. *Yazoo City,* 97 Miss. 500, 52 So. 471.

Suppose in the case at bar, the appellant bank had seen fit to invest its entire capital of ninety-thousand dollars in real estate in Attala county but outside the corporate limits of the city of Kosciusko.  Could it then escape taxation at the hands of the municipality entirely simply because its entire assets were located outside the tax district—the municipality?  We do not think such was the contemplation of the law, nor can it be so distorted as to produce such an effect.  As stated in the *Peoples Warehouse* v. *Yazoo City, supra,* "accumulated wealth will laugh at the crudity of taxing laws which reach only the one and ignore the other."

We wish to cite one more case which illustrates the principle controlling, and the facts are of the same general character.  In *Johnson* v. *Harrison Naval Stores Co.,* 108 Miss. 627, 67 So. 147, this court held as follows: "Where a corporation had its principal place of business in a city, and the agent in charge of the business had a lease representing money invested in the turpentine business, the corporation could be taxed on the lease as money invested in the business, notwithstanding the leased property was without the city."  This is proceeding upon the principle that the business is conducted from

within the city limits; though the subjects of the business, or the things in which the money is invested are outside the city.

ETHRIDGE, P. J.   The Merchants' & Farmers' Bank, domiciled in the city of Kosciusko, Miss., in the course of its business, acquired a tract of land outside of the city limits of Kosciusko, prior to the 1st day of February, 1925, for the sum of eleven thousand eight hundred dollars, carrying it on its books as real estate, and as such it represented eleven thousand eight hundred dollars of the capital and surplus of the bank.   The bank gave in its assessment within the county at ninety thousand dollars, from which three thousand dollars was deducted as real estate within the city, and eleven thousand eight hundred dollars as that outside of the city limits, these deductions from the capital and surplus being assessed as real estate on the books of the county.   The bank was assessed at seventy-eight thousand two hundred dollars by the city assessor on its capital, surplus, and undivided profits, and three thousand dollars on real estate in the city, but the real estate owned by the bank outside of the city limits was not included in this assessment.   The city raised the assessment of the bank on its capital, surplus, and undivided profits to ninety-seven thousand dollars, and deducted therefrom the real estate, amounting to three thousand dollars, within the city. The appellant, the Merchants' & Farmers' Bank, filed its objection to the assessment of the city, claiming an over-assessment on its capital and surplus, a reduction of three thousand dollars for the real estate in the city, and eleven thousand eight hundred dollars for that outside of the city.   The city then reduced its assessment to ninety thousand dollars, three thousand dollars of which was on real estate in the city and eighty-seven thousand dollars on capital, surplus, and undivided profits, but refused to make a reduction for the real estate outside of the city limits.

This cause was submitted on appeal to the judge of the circuit court, without a jury, who affirmed the judgment of the city authorities.

By section 8203, Hemingway's 1927 Code (chapter 193, Laws of 1920), it is provided:

"The president, cashier, or other officer having like duties, of each bank or banking association in this state, existing by the laws of this state, shall deliver to the assessor of taxes of the county in which it is located, a written statement, on or before the first day of May of each year, under oath, of the number and amount of all the shares of its capital stock paid in, or if it be not a corporation or joint stock company, then the amount of its capital, and of the sum of all undivided profits or surplus or accumulation of any sort constituting part of the assets of the bank and not including its real estate; and the value of such shares estimated at par and increased by the proportion of the par value of all the shares of stock to the said surplus fund or accumulation, or of the amount of its capital so increased, shall be the basis of the taxation of such shares to the bank or of the capital to the owner thereof in the case the bank be not a corporation or joint stock company, and the taxes levied on such assessment shall be a first lien on the assets of the bank, but if the shares of such bank or banking association are of less value than par, they shall be valued accordingly. Provided, nevertheless, in case of such bank or banking association existing under the laws of the United States, a precisely similar amount shall be assessed upon and collected from the shareholders thereof at the domicile of the bank as would have been assessed upon and collected from the said bank had it been created under the laws of the state of Mississippi; but each said bank and banking association shall, nevertheless, be liable to pay any taxes assessed as the agent of each of its shareholders and may pay the same out of their individual profit account, or charge the same to their expense ac-

count, or to the account of such shareholder in proportion to their ownership."

By section 8206, Hemingway's 1927 Code (section 4275, Code 1906), it is provided:

"The real estate of a bank or banking association shall be assessed and pay taxes—state, county, and municipal—according to its value, as other real estate."

It will be seen from the first section quoted that the president or cashier of a bank "shall deliver to the assessor of taxes of the county in which it is located, a written statement . . . of the number and amount of all the shares of its capital stock paid in, or if . . . not a corporation or joint stock company, then the amount of its capital, and the sum of all undivided profits or surplus or accumulation of any sort constituting part of the assets of the bank and not including its real estate," etc.; and by the last section quoted, that real estate is to be assessed as real estate. We think the statutory scheme contemplates a deduction from its capital, surplus, and undivided profits, of such sums as are invested in real estate, and that its holdings in real estate are not to be included in its assessment on capital stock, surplus, and undivided profits; in other words, from the total assets of the bank, as valued in its capital stock, surplus, and undivided profits, is to be deducted the amounts invested in real estate, and the balance of the capital stock, surplus, and undivided profits is to be assessed under that heading, and real estate is to be assessed as real estate. As a municipality has no power to tax real estate situated beyond its corporate limits, it has no power to assess the land lying outside of the city limits in this case. Therefore it is clear it could not tax the real estate. If it can tax the money invested in real estate without giving credit therefor on the capital stock, surplus, and undivided profits, it will accomplish the same purpose, and, in effect, the property situated beyond the corporate limits would be taxed by it. We think real

estate situated outside of the city limits should be first
deducted from the total capital, surplus, and undivided
profits, and the assessment of the city based upon the
remainder and such real estate as may lie within the city
limits.

The money paid for real estate is necessarily taken
from capital, surplus, and undivided profits, and to re-
quire the tax on each would, in effect, be doubling the
tax on a portion of the bank's property, and would give
a municipality the power to tax beyond the limits of the
city. It is not questioned but what the law could permit
capital stock, surplus, and undivided profits to be taxed
as such, and make it represent all the assets of the bank;
but, to do so would create much confusion in the taxing
scheme. We therefore think the court below was in error
in not allowing the eleven thousand eight hundred dollars
to be deducted from the city assessment. The judgment
of the lower court will therefore be reversed, and judg-
ment here rendered for the appellant in accordance with
the views herein set forth. In other words, the assess-
ment made in the court below will be reduced to that
extent, and judgment will be rendered here accordingly.

*Reversed and rendered.*