BANK OF TUPELO *v.* BOARD OF SUP'RS OF LEE COUNTY.

(En Banc. Nov. 18, 1929.)

[124 So. 482. No. 27997.]

**Blair & Anderson,** of Tupelo, for appellant.

Mitchell & Anderson, of Tupelo, for appellee.

A. S. Coody, of Jackson, amicus curiae.

**Smith, C. J.**, delivered the opinion of the court.

In August, 1928, the appellee, when equalizing and approving the personal assessment rolls of Lee county, increased the value of the appellant's capital stock, surplus, and undivided profits over that given in by it for assessment for taxation. This increase was approved by the circuit court.

On a proper blank furnished by the tax assessor therefor, the appellant listed its capital stock, surplus, and undivided profits for taxes as follows: Par value of shares and stock, one hundred thousand dollars, less forty-five thousand dollars which had been allotted by it to and is assessed to, its branch banks at Fulton and Middleton, Miss., leaving fifty-five thousand dollars as the par value of its capital stock subject to assessment in Lee county; surplus ninety-two thousand five hundred dollars, and undivided profits three thousand four hundred thirty-two dollars and five cents, making a total value of capital stock, surplus, and undivided profits of one hundred fifty thousand nine hundred thirty-two dollars and five cents, from which it deducted the true value of its real property, which is seventy-two thousand eight hundred thirteen dollars and thirty-two cents, leaving the true value of its capital stock surplus, and undivided profit, less real estate, seventy-eight thousand one hundred eighteen dollars and seventy-three cents. The appellee increased this assessment to one hundred thirteen thousand five hundred sixty-two dollars and five cents, by

deducting from the value of the appellant's capital stock, surplus, and undivided profits, not the true value of its real estate, but the value at which it was assessed on the land assessment roll, which is thirty-seven thousand three hundred seventy dollars.

Section 1, chapter 193, of the Laws of 1920 (Hemingway's Code 1927, section 8203), provides that:

"The president, cashier, or other officer having like duties, of each bank or banking association in this state, existing by the laws of this state, shall deliver to the assessor of taxes of the county in which it is located, a written statement, on or before the first day of May of each year, under oath, of the number and amount of all the shares of its capital stock paid in, . . . and of the sum of all undivided profits or surplus or accumulation of any sort constituting part of the assets of the bank and not including its real estate; and the value of such shares estimated at par and increased by the proportion of the par value of all the shares of stock to the said surplus fund or accumulation, . . . shall be the basis of the taxation of such shares to the bank."

The question for decision then is: Where the land owned by a bank is assessed on the land rolls at less than its true value, which value thereof, its true or assessed value, should be deducted from the total value of the bank's capital stock, surplus, and undivided profits, in arriving at the value of its capital stock, surplus, and undivided profits for taxation under the statute?

Section 112 of the Constitution expressly requires all property to be assessed for taxation "according to its true value." Section 181 of the Constitution authorizes the legislature to "provide for the taxation of banks and banking capital, by taxing the shares according to the value thereof (augmented by the accumulations, surplus, and unpaid dividends), exclusive of real estate, which shall be taxed as other real estate."

The Constitution and the statutes contemplate that banks shall be taxed on all of their property at its true value. The true value of the bank's capital stock, surplus, and undivided profits is the aggregate true value of all of its assets, in which of course, its real estate is included; from which it necessarily follows that, in determining the true value of a bank's capital stock, surplus, and undivided profits, exclusive of its real estate, the true value of its real estate must be deducted from the aggregate true value of all its assets. Bank of Commerce v. Adams County, 130 Miss. 37, 93 So. 442; Merchants' & Farmers' Bank v. City of Kosciusko, 149 Miss. 835, 116 So. 88. That the real estate of a bank, which, under the Constitution and section 4275 of the Code of 1906 (Hemingway's Code 1927, section 8206), must be separately assessed as other real estate is, is actually assessed on the land assessment roll at less than its true value, is of no consequence here. That is a matter to be taken care of by the assessing authorities in making up and approving the land assessment roll. The statute has been so construed by the state tax commission.

The practical difficulties in assessing the property of a bank, which would arise under the construction of the statute which the appellee here seeks to place on it, are such as to demonstrate the error therein. The assessment of personal property is made each year; that of real property is made every two years. The capital stock, surplus, and undivided profits of a bank, exclusive of its real estate, is assessed on the personal assessment roll, and the information therefor must be given by the bank to the assessor on or before the first day of May of each year. In a year in which real estate is to be assessed, a bank could not know, prior to the 1st of May or for some time thereafter, what value would be placed on its real estate by the assessing authorities, and there-

fore it could not comply with the statute in giving in for assessment the value of its capital stock, surplus, and undivided profits, exclusive of its real estate, unless the assessment of its real estate theretofore made should be adopted, which theretofore assessed value of its real estate may be increased or lowered when the assessment for that year comes on thereafter to be made. In addition, the board of supervisors, in approving the assessment roll, could not act on the assessment of a bank's personal property until it had first fixed the assessed value of its real estate. Moreover, the real property of a bank must be assessed in the county where situated, and, when the bank owns property in more than one county, the assessed value of its personal property could not be fixed until the assessing authorities of all of the counties in which its real estate is situated had fixed the assessed value thereof.

The case of Magnolia Bank v. Board of Sup'rs of Pike County, 111 Miss. 857, 72 So. 697, 3 A. L. R. 1365, relied on by the appellee, is not in point here. The appellant's complaint there was that under the statute its capital stock, augmented by its surplus and undivided profits, was assessed at its true value, less the value of its real estate, while the personal property of individuals was uniformly assessed by the taxing authorities at less than its true value, and the court held that the bank could not complain thereat, it being the duty of the assessing authorities to assess all property at its true value.

The judgment of the court below will be reversed, and the judgment which it should have rendered will be rendered; that is to say, the order of the board of supervisors of Lee county, raising the appellant's assessment on its capital stock, surplus, and undivided profits from seventy-eight thousand one hundred eighteen dollars and seventy-three cents to one hundred thirteen thousand six hundred sixty-two dollars and five cents, will be re-

versed and set aside, and the original assessment of the property at seventy-eight thousand one hundred eighteen dollars and seventy-three cents will be approved. On the receipt of the mandate from this court, the clerk of the court below will certify the judgment to the board of supervisors of Lee county.

Reversed, and judgment here for appellant.

**Anderson, J.,** being disqualified, took no part in the decision of this case.

**Ethridge, J.,** (dissenting).

I dissent from the majority opinion, and think that, under section 8203, Hemingway's Code 1927 (chapter 193, Laws of 1920), there should be deducted, from the total value of capital stock paid in, surplus, and undivided profits, the amount invested in real estate. It seems to me that the language of the statute, directing the president, cashier, or other officer of each bank to deliver to the assessor of taxes a written statement, under oath, of the number and amount of all the shares of capital stock paid in, and the sum of all undivided profits, or, if it be not a corporation, then the amount of its capital and of the sum of all undivided profits or surplus or accumulation of any sort constituting part of the assets of the bank, *and not including its real estate,* clearly contemplated that the amount invested in land shall be segregated from the other things required by the statute, and, in determining the value of the other assets, the amount invested in real estate should be deducted. This was expressly held to be the scheme in construing this identical statute in the case of Merchants' & Farmers' Bank v. Kosciusko, 149 Miss. 835, 116 So. 88, the first syllabus in that case reading:

"Under section 8203, Hemingway's Code 1927 (chapter 193, Laws of 1920), money invested by a bank in real

estate is deducted from the amount of the capital stock, surplus, and undivided profits; and where a bank domiciled in a city owns property outside of the city limits, the city is not entitled to assess for taxes that part of the capital, surplus, and undivided profits invested in real estate outside of the city limits.''

Following this scheme would make the assessment of a bank's capital easy and, where a bank owned real estate outside of the county, the amount of such real estate should be deducted, showing that such part of the property owned by the bank was outside the limits of the taxing district. It could also easily show the amount of the capital invested in real estate in the county where the bank is situated, and, by deducting this from the capital stock, surplus, and undivided profits, we would have precisely what the statute contemplated should be taxed.

Again, it seems to me that, inasmuch as the assessment is a binding and conclusive judgment as to the value between the state and the taxpayer, and as the law requires all property to be assessed at its true value, it could not be competent to hear proof other than the assessment upon such value in the years in which real estate is not assessed. In such years, the assessed value of the land would be conclusive upon both the taxpayer and the county and state. In the years in which both real estate and personal property are assessed, it would be easy for the taxing authorities to tax same in proper proportions, giving the land a suitable value as compared with other lands, and the capital stock and surplus their proper value as compared with other property of that kind. No difficulty would appear in administering tax laws in this way.

Under the scheme announced in the majority opinion, the bank may have but a small amount invested in real estate, measured by what it paid for it; but, when it comes to deducting that from the rest of the property,

the land could be "boosted," and this bank would escape its just taxation upon its capital stock and surplus. The scheme for taxing banks has been declared to be highly favorable to them by this court. Magnolia Bank v. Board of Supervisors of Pike County, 111 Miss. 857, 72 So. 697, 3 A. L. R. 1365; Bank of Oxford v. Town of Oxford, 70 Miss. 504, 12 So. 203. As proof that this statement of a favorable scheme of taxation as to banks is true, it is only necessary to refer to section 8197, Hemingway's Code 1927 (section 4266, Code of 1906), wherein it is provided that individuals and corporations (other than banks) lending money in this state shall be taxable thereon, and if any such person fail or refuse to give in his assessment, or if a true assessment be not given, the assessor shall assess such person as he shall have reason to believe correct, and shall forward to the party a notification of the assessment having been made. And the assessor is authorized to address written interrogatories to any agent, or any nonresident, or other person, for the purpose of obtaining such information. Under the laws of this state, individuals and corporations not otherwise specially provided for pay taxes upon money and other evidences of debt, where a rate of interest is charged that is greater than six per cent per annum, but as to banks no such ruling applies. They may have any amount of such paper, and the law permits eight per cent to be collected, and yet the banks pay no tax thereon. They are only required to pay the market value or the actual value on their stock. A large part of the business of many banks is conducted through the medium of acquiring money at a cheap rate and lending it at a high rate, and in lending their deposits, on many of which no interest is paid, at the full legal rate, or such other contract rate as it may see proper to take.

I do not feel that we are called upon to construe the statute, so as to give them further immunity from public burdens.