NATIONAL BANK OF GULFPORT *v.* BOARD OF SUP'RS OF HARRISON COUNTY.

(Division B.   Jan. 26, 1931.)

[132 So. 95.   No. 29175.]

R. C. Cowan and J. L. Taylor, both of Gulfport, for appellant.

64

**George R. Smith,** of Pass Christian, for appellee.

**O. J. Dedeaux,** of Pass Christian, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

In 1929 the appellant, National Bank of Gulfport, made up its statement of property for assessment as required by the Code. In making up the assets and liabilities, the bank set out specifically its items of property and the value thereof, and the value of its real estate, stating the value of its real estate at sixty-four thousand four hundred eighty-five dollars. The value of the capital stock was fixed at one hundred twenty-five thousand dollars; surplus seventy-five thousand dollars; undivided profits one thousand five hundred seventy-five dollars—making a total of personal property of one hundred thirty-seven thousand ninety dollars, and real property of sixty-four thousand four hundred eighty-five dollars, or total aggregate of two hundred one thousand five hundred seventy-five dollars. Upon the statement so made up, the board made an assessment at which the property was assessed in accordance with the statement rendered by the bank.

At the July meeting, the board considered the assessment roll and equalized the same, and gave the notice required by law to the taxpayers that the rolls had been inspected, corrected, and equalized, and that the taxpayers might present any objections they might have to the assessment at the August meeting of the board of supervisors. At the August meeting the appellant did not make any protest or objection to its assessment of property. The roll was made up and sent to the tax commission for approval, as required by law, and the tax

commission ordered certain classes of property to be raised so as to equalize the assessment between classes of property in the respective counties. The board of supervisors deemed these raises ordered to be inequitable and unjust, applied for and was granted a hearing at which a modified order was entered. Due notice was given, and the assessment finally approved by an order of the board of supervisors, from which no appeal was taken.

On December 5, 1929, however, the bank presented a petition to the board of supervisors to have its personal assessment abated on the ground that the value of its real estate exceeded the total value of its capital stock, surplus, and undivided profits. The petition was for a reduction of the assessment because of an overvaluation known to be such under section 4312 of the Code of 1906, section 8231, Hemingway's 1927 Code. On such hearing before the board, the bank sought to prove that its land was actually valued at more than the total assessment rendered, and that there was an outstanding mortgage on the land which had been sold to the bank subject to the mortgage, which reduced the bank's equity and the money it had invested in the land to approximately what it was taxed for and at which it was valued on the books of the bank and in the statement rendered to the board of supervisors. The board declined to grant the relief, and appeal was taken to the circuit court. There the board filed various pleas, all of which were demurred to, and the demurrers sustained, and the cause was submitted to the circuit judge without a jury by agreement. On the hearing, it appeared that in making up its statement under the law giving the value of its property, so that the taxing authorities could see whether the statement valuing the capital stock, surplus, and undivided profits was fairly made up, the lands were included in the valuation, at the value above stated in the original statement of the assessor, and it was carried on the books of the bank at that amount. The circuit

judge held that the proof showed that, if the lands had been rendered at the alleged true value claimed on the hearing for reduction, it would have increased the value of the capital stock and surplus to that extent, and that in fact the same results would have been reached by the assessment, of the board which would have been reached had the bank rendered the real estate at its true valuation as claimed on the hearing.

Appellant relies upon the case of Bank of Tupelo v. Board of Sup'rs of Lee County, 155 Miss. 436, 124 So. 482, and it was after this decision by this court that the petition was presented for a reduction, the bank having rendered its assessment in previous years on the assumption that the assessed value of real estate controlled and not its actual value. In the Bank of Tupelo Case the bank rendered its statement, and in that statement valued its lands at the true value in making up the statement for the assessor, and sought to deduct from its total assets the true value of its real estate rather than the assessed value, it having been assessed in a previous year on the real estate roll at a sum much below its actual value. In the opinion the court said: ''The Constitution and the statutes contemplate that banks shall be taxed on all of their property at its true value. The true value of the bank's capital stock, surplus, and undivided profits is the aggregate true value of all of its assets, in which of course, its real estate is included; from which it necessarily follows that, in determining the true value of a bank's capital stock, surplus, and undivided profits, exclusive of its real estate, the true value of its real estate must be deducted from the aggregate true value of all its assets. [Citing authorities.]''

In Board of Supervisors of Quitman County v. Riverside Bank (Miss.), 131 So. 80, it was held that the capital stock and surplus of a bank is made up from a consideration of the aggregate true value of its assets, including lands and personal property, and the capital stock and

surplus for purposes of taxation, as such, is the difference between the aggregate true value of the real estate and the aggregate value of the total true value of all· the assets, including land and personal property. It will be seen from these cases that the land must be valued at its true value and the personal property of the bank valued at its true value, and both together considered in fixing the value of¹ the capital stock, surplus, and undivided profits for taxation. In the present case, if the bank had rendered a statement showing its lands of the value it now claims them to be, and also the personal property at the value which it stated that the personal property was valued, the aggregate value of its assets would have been increased, and, after deducting the land at its true value from the capital stock, surplus, undivided profits, and the personal assets of the bank, the same net result would have been reached as was reached by the taxing authorities so far as the personal property was concerned, and that is all that is involved in this case.

In view of this conclusion and these decisions, it is unnecessary to consider whether or not the bank was precluded by its failure to object at the August assessment. The judgment of the court below must be affirmed.

Affirmed.